of the conductor and prescribing his duties in the present case clearly show that he was to have general control and superintendence of the train and of the employees on the train, its running and management, procuring way-bills, making reports, attending to the delivery of freight according to way-bills, and generally performing work requiring the exercise of intellectual faculties and business capacity. We see no difference in the facts of this case from those of *Miller* v. *Dugas, 77 Ga.* 386 (4 Am. St. R. 90), where it was decided that the wages of a conductor of a passenger or freight train were subject to garnishment under the code. Who falls within the category of a journeyman mechanic or day laborer within the meaning of the statute must depend upon the facts of the particular case. The Supreme Court, in *Oliver* v. *Macon Hardware Co., 98 Ga.* 249 (25 S. E. 403, 58 Am. St. R. 300), has laid down the test by which the question should be determined. This test is whether the contract of employment requires mainly mental skill, or mainly manual labor. If the former, the wages are subject to garnishment; if the latter, they are not subject. See also *Howell* v. *Atkinson,* supra, and *Cohen* v. *Aldrich, 5 Ga. App.* 256 (62 S. E. 1015). Applying the test given by the Supreme Court in the *Oliver* case, supra, to the duties of this conductor, as prescribed by the rules of the railway company regulating his employment, we conclude that his wages were subject to the process of garnishment, and that the judgment of the superior court, in dismissing the certiorari and affirming the judgment of the justice in so holding, should be affirmed.

*Judgment affirmed on main bill of exceptions. Cross-bill of exceptions dismissed.*

---

1650.    DUDLEY *v.* DR. SHOOP FAMILY MEDICINE CO.

HILL, C. J. The evidence demanding the verdict, the error of law assigned is immaterial.        *Judgment affirmed.*

Complaint, from city court of Sparta—Judge Little. December 23, 1908.

Submitted February 25,—Decided May 18, 1909.

*R. H. Lewis, for plaintiff in error.    W. H. Burwell,* contra.